Matter of Cee-Jay Real Estate Dev. Corp. v New York City Dept. of Parks & Recreation (2024 NY Slip Op 01919)

Matter of Cee-Jay Real Estate Dev. Corp. v New York City Dept. of Parks & Recreation

2024 NY Slip Op 01919

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-07727
 (Index No. 85066/21)

[*1]In the Matter of Cee-Jay Real Estate Development Corp., appellant, 
v
New York City Department of Parks and Recreation, respondent.

Falcon Rappaport & Berkman LLP, New York, NY (Christopher M. Slowik of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Tahirih M. Sadrieh and Jeremy Pepper of counsel), for respondent.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent/defendant dated March 25, 2021, inter alia, determining that a tree was under its jurisdiction and that the petitioner/plaintiff was required to pay restitution for the destruction of the tree in the sum of $60,200, and action, inter alia, for a judgment declaring that the respondent/defendant does not have jurisdiction over trees in streets that are not owned by the City of New York, including the subject tree, and may not impose a restitution charge for the destruction of such trees, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Catherine M. DiDomenico, J.), dated October 6, 2021. The order and judgment granted the motion of the respondent/defendant pursuant to CPLR 7804(f) and 3211(a)(7) to dismiss the petition/complaint for failure to state a cause of action, denied the petition with prejudice, and, in effect, dismissed the proceeding/action.
ORDERED that the order and judgment is affirmed, with costs.
In August 2018, Cee-Jay Real Estate Development Corp. (hereinafter Cee-Jay), the owner of certain residential property on Woodland Avenue in Staten Island (hereinafter the property), filed an application with the New York City Department of Parks and Recreation (hereinafter the DOP) for permission to remove a tree situated in the sidewalk abutting the property to install a new curb cut and driveway. In a letter dated March 28, 2019, the DOP indicated that Cee-Jay would have to pay the sum of $60,200, the "restitution value" of the tree, before a tree removal permit would be issued. On May 6, 2019, the DOP issued a final determination that the subject tree was under its jurisdiction, since the deed to the property established that Cee-Jay did not own the portion of Woodland Avenue where the tree was situated. On July 9, 2020, the DOP provided notice to Cee-Jay that the subject tree had been "destroyed without authorization," and thus, Cee-Jay was required to pay "restitution" in the sum of $60,200.
In July 2020, Cee-Jay commenced a proceeding pursuant to CPLR article 78 to review the determination dated July 9, 2020. In a judgment dated December 4, 2020, the Supreme Court, inter alia, directed the DOP to issue a new determination as to whether it had jurisdiction over the [*2]subject tree and as to the restitution value of the tree, directed Cee-Jay to submit evidence supporting its position to the DOP, and dismissed the proceeding without prejudice. In its submissions to the DOP, Cee-Jay asserted, among other things, that the portion of Woodland Avenue where the subject tree was situated was owned by a third party. On March 25, 2021, upon reviewing Cee-Jay's submissions, the DOP issued a new determination, finding that the subject tree was under its jurisdiction and adhering to its prior determination that Cee-Jay was required to pay restitution for the destruction of the tree in the sum of $60,200.
In April 2021, Cee-Jay commenced this hybrid proceeding pursuant to CPLR article 78 to review the determination dated March 25, 2021, and action, inter alia, for a judgment declaring that the DOP does not have jurisdiction over trees in streets that are not owned by the City of New York, including the subject tree, and may not impose a restitution charge for the destruction of such trees. The DOP opposed the petition and moved pursuant to CPLR 7804(f) and 3211(a)(7) to dismiss the petition/complaint. In an order and judgment dated October 6, 2021, the Supreme Court granted the DOP's motion, denied the petition with prejudice, and, in effect, dismissed the proceeding/action. Cee-Jay appeals.
Initially, although the petition/complaint asserts causes of action for declaratory relief, those causes of action, in essence, seek review of the DOP's determination dated March 25, 2021, which is subject to review only pursuant to CPLR article 78 (see Matter of 22-50 Jackson Ave. Assoc., L.P. v County of Suffolk, 216 AD3d 939, 941; Matter of Wehr v Brown, 169 AD3d 807, 808). Accordingly, the Supreme Court properly granted that branch of the DOP's motion which was to dismiss the declaratory judgment causes of action (see Matter of 22-50 Jackson Ave. Assoc., L.P. v County of Suffolk, 216 AD3d at 941).
"On a motion [to dismiss] pursuant to CPLR 3211(a)(7) and 7804(f), only the petition is considered, all of its allegations are deemed true, and the petitioner is accorded the benefit of every possible inference" (Matter of Tyson v Town of Ramapo, 165 AD3d 805, 806 [internal quotation marks omitted]). "When evidentiary material outside the pleading's four corners is considered, and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (id. at 806 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Title 18 of the Administrative Code of the City of New York provides that "[t]he . . . care . . . of all trees . . . in streets shall be under the exclusive jurisdiction of the commissioner of [the DOP], except as otherwise provided in section 18-105 of this title" (id. § 18-104). Pursuant to Administrative Code § 18-105, "[a]ll trees in streets, which on investigation are found to be without ownership, shall be under the exclusive care and cultivation of the commissioner [of the DOP]." However, "[t]rees found to be in the care of individual owners . . . shall not be subject to the jurisdiction of the commissioner [of the DOP], unless the owners thereof make written application to the commissioner to have such trees transferred to his or her care" (id. § 18-105). Further, "[a]ny person that intends to remove any tree that is within the jurisdiction of the [DOP] commissioner, shall obtain a permit from the department prior to such removal," and the DOP "shall charge a fee for each permit issued pursuant to this section, which shall be sufficient to cover the cost of replacing any tree proposed to be removed" (id. § 18-107[a], [b]).
Thus, Administrative Code §§ 18-105 and 18-107 reflect that the DOP's jurisdiction over a tree is not conditioned upon whether the City owns the street upon which the tree is located (see Matter of Master Built Homes II Corp. v New York City Dept. of Bldgs., 220 AD3d 867, 872). Rather, the DOP's jurisdiction extends to "all trees . . . in streets" (Administrative Code § 18-104), with the exception of "[t]rees found to be in the care of[, among others,] individual owners" (id. § 18-105).
Here, Cee-Jay failed to state a cause of action with respect to its allegations that the DOP's determination that the tree was under its jurisdiction was arbitrary and capricious (see Matter [*3]of Tyson v Town of Ramapo, 165 AD3d at 806). The evidentiary materials submitted by the parties demonstrated that material facts alleged by Cee-Jay were not facts at all and that no significant dispute exists regarding them (see Guggenheimer v Ginzburg, 43 NY2d at 275). Specifically, the DOP submitted a document setting forth its policy that a tree is deemed to be "in the care of" an individual property owner within the meaning of Administrative Code § 18-105 based upon evidence either that the property owner holds title to the street upon which the tree is located or that the property owner or a predecessor in interest planted or has maintained the tree. Moreover, the parties' evidentiary submissions established that Cee-Jay did not hold title to the portion of Woodland Avenue where the subject tree was situated. Further, the petition/complaint failed to sufficiently allege that Cee-Jay or a predecessor in interest either planted or maintained the tree. Thus, the parties' evidentiary submissions demonstrated that the DOP's determination that the tree was under its jurisdiction was not arbitrary and capricious (see Matter of Tyson v Town of Ramapo, 165 AD3d at 806).
Cee-Jay's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the DOP's motion pursuant to CPLR 7804(f) and 3211(a)(7) to dismiss the petition/complaint for failure to state a cause of action, denied the petition with prejudice, and, in effect, dismissed the proceeding/action.
IANNACCI, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court